(3 Misc. Rep. 557.)

## CRANE v. CRANITCH et al.

(City Court of New York, General Term. May 9, 1893.)

EXECUTION—INDORSING NAME OF DEFENDANT NOT SERVED—AMENDMENT.

Failure to indorse on an execution issued on a judgment against a partnership the name of one of the partners not served, and restricting the enforcement of the execution to the partner served, as required by Code Civil Proc. § 1934, does not render the execution void; and, where plaintiff's attorney subsequently serves a written notice on the sheriff to levy only on the individual property of the partner served, an amendment of the execution should be permitted.

Appeal from special term.

Action by Thomas Crane against Patrick J. Cranitch and another. From an order setting aside as void an execution issued on a judgment in plaintiff's favor, plaintiff appeals. Reversed.

Argued before EHRLICH, C. J., and NEWBURGER, J.

Moses Herrman, for appellant.
William Allen, for respondents.

NEWBURGER, J. This is an appeal by the plaintiff from an order herein setting aside as void an execution issued to the sheriff of the city and county of New York on a judgment entered on March 6, 1893. This action was commenced by the service of a summons on the defendant Patrick J. Cranitch on the 1st day of March, 1893. Judgment was entered against Patrick J. Cranitch and Jeremiah A. Cranitch, composing the firm of Cranitch Bros., Jeremiah A. Cranitch not summoned. Execution was thereupon directed to the sheriff to collect the said judgment out of the personal property of the defendants, and no reference was made in the said execution to the fact that one of the defendants had not been served. It appears, however, that subsequently plaintiff's attorney served on the sheriff a notice directing him to levy only out of the individual property of the judgment debtor, Patrick J. Cranitch. A motion was subsequently made to vacate the execution, which motion was granted, and this appeal taken.

The learned judge below, in granting the motion, held that the execution did not comply with section 1934 of the Code, and hence the same was void. With this contention we cannot agree. It is true that the section referred to provides that the attorney must indorse upon the execution a direction to the sheriff containing the name of each defendant who is not summoned, and restricting the enforcement of the execution, yet in the next section provision is made that, while the sheriff shall not enforce the judgment against the person not summoned, he is directed to collect it out of the property held jointly with the other defendants served. In this case it appears that the

defendants were copartners, and the fact that the attorney failed to indorse upon the execution the name of the one partner not summoned did not make the execution void, but it could be amended, as requested by the plaintiff's attorney, by an order of this court. In Bank v. Morton, 67 N. Y. 202, it was held that on an application to set aside an execution for a similar defect it would have been perfectly competent to have directed an amendment of the judgment and docket, and allow the execution to stand. The defect was one of form merely, and all the requirements of the statute had been substantially complied with. The order appealed from must therefore be reversed, with costs.